IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER WORSHAM,
ADC #164071                                                          PLAINTIFF

V.                       CASE NO. 1:17-CV-69-JLH-BD

MARTY HEARYMAN, et al.                                              DEFENDANTS

RECOMMENDED DISPOSITION

I.   Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Parties may file written objections to this Recommendation, if they wish. Objections should be specific and should include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, parties risk waiving the right to appeal questions of fact.

II.  Discussion

A. Background

On August 29, 2017, Plaintiff Christopher Worsham, an inmate at the North Central Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 lawsuit claiming that Defendants acted with deliberate indifference to his serious medical needs. (Docket entry #2)

Defendants have now moved for summary judgment, arguing that Mr. Worsham failed to fully exhaust his administrative remedies before filing this lawsuit. (#42, #46) The Court gave Mr. Worsham additional time to respond to the Defendants' motions, but he has not responded. The time afforded Mr. Worsham to respond has now passed. (#55)

B.  Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements may vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91. Because Mr. Worsham was an ADC inmate, he was obligated to comply with the specific requirements of the ADC grievance policy in order to fully exhaust administrative remedies. *Id*.

1. Defendants Kelley and Williams

In support of their motion, Defendants Kelley and Williams attach the sworn statement of Shelly Byers, the Medical Grievance Supervisor at the ADC. (#42-1) According to Ms. Byers's testimony, during the time period relevant to this lawsuit, Mr. Worsham did not file, or fully exhaust, any grievance specifically identifying either Defendant Kelley or Williams, or alleging that either of these Defendants violated his constitutional rights. (*Id*. at p.5)

Mr. Worsham has not come forward with any evidence to show that he did exhaust administrative remedies against these Defendants. He argues, instead, that he should be excused from exhausting administrative remedies due to his need for mental health treatment. The Court is unaware of any cases holding that this qualifies as a valid exemption to the exhaustion requirement. *See Hahn v. Armstrong*, 407 Fed. Appx. 77, *2 (8th Cir. 2011) "[T]his Court has not recognized exceptions to the PLRA's exhaustion requirement for delay to due medical treatment"). Furthermore, based on the evidence presented by the Defendants, Mr. Worsham was able to fully exhaust at least one grievance in accordance with the ADC exhaustion procedure.

3

Under settled law, Mr. Worsham was required to grieve Defendant Kelley's and Defendant Williams's conduct and to fully exhaust the grievance before filing suit. He did not do so. Accordingly, Mr. Worsham's claims against these Defendants should be dismissed.

2. Defendant Hearyman

In support of his motion, Defendant Hearyman also attaches the sworn statement of Shelly Byers. (#48-1) According to Ms. Byers's testimony, Mr. Worsham only fully exhausted one grievance complaining about a lack of mental health treatment during the time frame relevant to this lawsuit, grievance NC-17-245. (*Id.* at p.2) In that grievance, Mr. Worsham complained that he had not been provided adequate mental health treatment, but it is undisputed that he did not mention Defendant Hearyman by name or title in that grievance. (#48-1 at p.22)

Here, Mr. Worsham has not come forward with any evidence to show that he did exhaust his administrative remedies against Defendant Hearyman or that he was excused from the exhaustion process. Without evidence to rebut Defendant's Hearyman's evidence, Mr. Worsham's claims against Defendant Hearyman cannot proceed.

## III. Conclusion

The Court recommends that the Defendants' motions for summary judgment (#42, #46) be GRANTED. Mr. Worsham's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 30th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE